

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 8, 1990

Honorable Benjamin Euresti, Jr.    Opinion No. JM-1204
Cameron County Attorney
Cameron County Courthouse          Re: Whether an uncompensa-
974 E. Harrison Street             ted commissioner of a coun-
Brownsville, Texas    78520        ty housing authority may
                                   receive mileage credits
                                   attributable to authority
                                   travel    (RQ-1979)

Dear Mr. Euresti:

You ask four questions regarding the use of airline mileage credits accrued by commissioners[1] of the Cameron County Housing Authority (hereinafter the authority). The credits are attributable to travel on behalf of and paid for by the authority.

You first ask whether a commissioner may use such credits for his personal use. Chapter 392 of the Local Government Code governs county housing authorities but contains no provisions directly relevant to your inquiry. However, section 392.035 denies commissioners any compensation but entitles them to receive reimbursement for necessary travel expenses. That provision, prior to its codification in the Local Government Code, was strictly construed to disallow payment of a monthly travel allowance. Housing Auth. of Harlingen v. State ex rel Velasquez, 539 S.W.2d 911 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.). The court emphasized the fact that travel expense payments are made from public money and determined that the part of the $50 travel allowance over the amount of actual travel expenses represented compensation in violation of the statute. By extension, that opinion disallows a commissioner from personally collecting the compensation

---

1. Although you ask about "board members," "commissioners" is the title given in chapter 392 of the Local Government Code.

represented by airline mileage credits.  Of course, if  the mileage credits could not be  used for public purposes,  use of them  by  a  housing  authority  commissioner  would  not constitute compensation.

Also, we  note that  it is  the responsibility  of  the authority, not any individual commissioner, to establish  an accounting system  with the  airlines  or travel  agency  to provide for the authority to receive the travel credits  for future use by the authority.  Absent such an arrangement, we do not think  that a  court would  find a  violation of  the Penal Code.  <u>See generally</u> State Ethics  Advisory  Opinion 1984-6 (1984).

Second, you ask whether the use of the mileage  credits should be limited to travel on behalf of the authority.  If the authority  can not  arrange  to have  mileage  discounts assigned to the  credit of the  authority, <u>per se</u>, then  the credits assigned to individual commissioners should be  used for authority travel.

In your  third question,  you ask  whether the  housing authority may request  copies of  mileage credit  statements from individuals.  In the same manner that any employer  may require its officers and  employees to account for  property belonging to  the  employer and  in  the possession  of  its employees, a housing authority may require its officers  and employees to account for its property that is in the possession of its officers.  <u>See also</u> <u>Housing Auth. of  Harlingen</u>, <u>supra</u>, at 916.

Finally, you ask whether the authority may sell mileage credits to the individuals involved.  Section 392.056(c)  of the Local Government Code allows a housing authority to. sell its personal property.  Thus, we believe that the  authority is authorized to sell mileage credits earned as a result  of authority travel,  subject,  of  course,  to  constitutional requirements that it receive an adequate <u>quid pro quo</u>.  Tex. Const. art. III, § 52.

## S U M M A R Y

A  commissioner  of  a  county  housing authority is  not entitled  to  compensation. Therefore, he may not receive airline mileage credits earned  on  the  basis  of  authority travel.  A  county  housing  authority  may require that  individuals supply  copies  of

> mileage credit statements, where the credits
> are accrued from travel on behalf of the
> authority. A county housing authority may
> sell its personal property, including airline
> mileage credits.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General